UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN WILLIS RICHARD,

                **Plaintiff,**

                                                               9:15-CV-00006

v.

                                                               (BKS/TWD)

**LUCIEN J. LECLAIRE, et al.,**

                **Defendants.**
_____

**APPEARANCES:**

John Willis Richard
Plaintiff pro se
91-A-0169
Eastern NY Correctional Facility
Box 338
Napanoch, New York 12458

Hon. Eric T. Schneiderman                                   Ryan W. Hickey, Esq.
Attorney General for the State of New York       Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, New York 12224

**Hon. Brenda K. Sannes, United States District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

**I.  Introduction**

Plaintiff pro se John Willis Richard brought this action under 42 U.S.C. §§ 1983,

1985(3), and 1986 against Defendants Lucien J. Leclaire, Deputy Commissioner of the

Department of Correctional Services and Community Supervision ("DOCCS") in the State of

New York; Captain Timothy McCarthy, Auburn Correctional Facility ("Auburn"); Lieutenant

Daniel Oleksiw, Auburn; Lieutenant Michael P. Brown, Auburn; Lieutenant Burns, Auburn;

Sergeant Anthony P. Volpe, Auburn; Corrections Officer ("C.O.") Gary C. Gibson, Auburn; C.O. Michael Woodard, Auburn; Lieutenant Wayne Jordan, Sullivan Correctional Facility ("Sullivan"); Lieutenant Garry Sipple, Sullivan; Dennis Giglio, Deputy Superintendent of Security, Sullivan Correctional Facility; C.O. Joseph Daddezio, Sullivan; Sergeant Paul Mace, Sullivan; and C.O. Jeremy McGaw, Upstate Correctional Facility ("Upstate"). (Dkt. Nos. 1, 46, 52, 53).[1]

The Complaint alleges, *inter alia*, that Defendants took action in violation of Plaintiff's constitutionally protected rights in response to his refusal to remove designs shaved into his beard. (Dkt. No. 1). By Decision and Order filed October 22, 2015, the Court granted Plaintiff's in forma pauperis application, dismissed certain claims and defendants, and found that the remaining claims survived a *sua sponte* review and required a response. (Dkt. No. 10). The claims remaining after initial review are: (1) Fourteenth Amendment due process claims against Defendants Brown, Jordan, and Giglio, arising out of disciplinary hearings and appeals; (2) First Amendment retaliation claims against Defendants Gibson, Volpe, Woodard, McCarthy, Burns, and Brown involving the issuance of a false inmate misbehavior report ("IMR") and the rigging of the disciplinary hearing on the IMR; (3) a Fourteenth Amendment due process vagueness claim against Leclaire regarding DOCCS Directive 4914; (4) Fourteenth Amendment equal protection claims against Defendants Gibson, Volpe, Woodard, Burns, McCarthy, Brown, McGaw, Jordan, Daddezio, Sipple, Mace, and Giglio; and (5) various conspiracy claims against Gibson, Volpe, Woodard, Burns, McCarthy, Oleksiw, Brown, Jordan, Sipple, Daddezio, Mace, and Giglio. (Dkt. No. 10 at 39).

On November 15, 2016, eleven of the Defendants moved to dismiss pursuant to Fed. R.

---

[1] The summonses were returned unexecuted as to Defendants Burns and Giglio. (Dkt. No. 37). There has been no appearance by these defendants; they are not parties to the motion to dismiss. (Dkt. No. 46).

Civ. P. 12(b)(6) on the grounds that (i) Plaintiff's claims are barred, in part, by the statute of limitations; (ii) Plaintiff fails to state a procedural due process claim because he contested disciplinary hearings and did not identify a protected liberty interest; and (iii) Plaintiff fails to state a conspiracy claim and, in the alternative, that any conspiracy claims are barred by the intracorporate conspiracy doctrine. (Dkt. No. 46-1).

This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks who, on July 10, 2017, issued an Order and Report-Recommendation ("R & R") recommending that Defendant's motion to dismiss be granted on the basis that several of Plaintiff's claims are barred by the statute of limitations—specifically, Plaintiff's (1) Fourteenth Amendment procedural due process claims against Brown; (2) First Amendment retaliation claim against Defendants Gibson, Volpe, Woodard, McCarthy, and Brown[2]; (3) Fourteenth Amendment equal protection claim against Defendants Gibson, Volpe, Woodard, McCarthy, Brown, and McGaw; and (4) conspiracy claim against Defendants Gibson, Volpe, Woodard, McCarthy, Oleksiw, and Brown. (Dkt. No. 61 at 39).[3] The R & R recommends that Plaintiff's Fourteenth Amendment due process claim against Defendant Jordan be dismissed on the ground that Plaintiff fails to adequately state a claim for violation of his procedural due process rights. (*Id.* at 35). Finally, the R & R recommends that Plaintiff's conspiracy claims be dismissed under the intracorporate conspiracy doctrine, to the extent that the conspiracy claims against Defendants Gibson, Volpe, Woodard, McCarthy, Oleksiw, and Brown are not also barred by the statute of limitations. (*Id.* at 38).

---

[2] The R & R inadvertently refers to Defendant Brown as "Brooks" in two instances, but otherwise correctly refers to him as Defendant Brown. (Dkt. No. 61 at 32–33).

[3] As the R & R notes, "summonses were returned unexecuted as to Defendants Burns and Giglio. There has been no appearance on behalf of Burns and Giglio, and they are not parties to the motion to dismiss." (Dkt. No. 10 at 2 n.1 (internal citations omitted)).

Plaintiff filed an 83-page objection to the Report-Recommendation on September 14, 2017. (Dkt. No. 66). Plaintiff's primary objections are that the R & R: (i) improperly determined that his claims are barred by the statute of limitations, because the fraudulent concealment doctrine renders all of his claims timely (*id.* at 2); (ii) inappropriately applied "employment discrimination Title VII laws of a continuating [sic] violation doctrine to a prison setting" (*id.* at 26); (iii) improperly "denied [him] the benefits of res judicata and collateral estoppel on the merits foundated [sic] in the complaint" (*id.* at 29); (iv) improperly applied the intracorporate conspiracy doctrine in determining that some of his claims are time-barred; and (v) failed to consider his requests for certification of interlocutory appellate review of three issues (*id.* at 26, 77–78, 79). Further, Plaintiff argues that he should be permited to amend his complaint to state a new claim for First Amendment retaliation due to the fact that Magistrate Judge Dancks took judicial notice of the 2013 revision to Directive 4914. (*Id.* at 58–72).

For the reasons set forth below, the R & R is adopted in its entirety.

## II. Standard of Review

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## III. Discussion

### A. Fraudulent Concealment Doctrine

Plaintiff objects to the R & R on the basis that the Magistrate Judge failed to consider Plaintiff's argument that the doctrine of fraudulent concealment "makes all claims in suit timely." (Dkt. No. 66 at 2).

"[T]he doctrine of fraudulent concealment prevents a party from fraudulently concealing wrongdoing until after the tolling of the statute of limitations." *Aiken v. Nixon*, 236 F. Supp. 2d 211, 240 (N.D.N.Y. 2002). "To invoke the doctrine of fraudulent concealment properly [for purposes of seeking an equitable tolling of the statute of limitations], a plaintiff must establish three elements, including: (1) wrongful concealment by defendants [of their actions] (2) which prevented plaintiff's discovery of the nature of the claim within the limitations period, and (3) due diligence in pursuing the discovery of the claim." *N.Y. Dist. Council of Carpenters Pension Fund v. Forde*, No. 11 Civ. 5474 (LAP), 2013 WL 1454954, at *7, 2013 U.S. Dist. LEXIS 49834, at *21–22 (S.D.N.Y. Mar. 26, 2013). "The relevant question is not the intention underlying defendants' conduct, but rather whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action." *Veltri v. Bldg. Serv. 32b-J Pension Fund*, 393 F.3d 318, 323 (2d Cir. 2004).

The claims for which the R & R recommends dismissal on the basis of the statute of limitations are all grounded in the issuance of Inmate Misbehavior Reports ("IMRs"), and the subsequent adjudication and administrative approval of disciplinary actions. (*See* Dkt. No. 1, ¶¶ 87, 89, 93, 101, 192–198, 221–24, 226–228, 288; Dkt. No. 1-2 at 7, 15, 19–27, 33, 35, 41–45, 47, 62, 72–76, 109, 111, 114–44). Plaintiff does not allege that Defendants undertook any disciplinary actions, which constitute the basis of the alleged harms against him, in secret or without his knowledge. Nor does he allege that Defendants successfully conspired to mislead Plaintiff into believing that he did not have a cause of action, or that he was otherwise not on

5

notice of a potential claim after an IMR was issued or the disciplinary hearing occurred. *See Pinaud v. County of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995) ("To take advantage of [the] doctrine [of fraudulent concealment], however, a plaintiff must submit non-conclusory evidence of a conspiracy or other fraudulent wrong *which precluded his possible discovery of the harms that he suffered*."); *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1083 (2d Cir. 1988) (fraudulent concealment tolls the statute of limitations only where plaintiff "remained in ignorance of [his] cause of action"). Indeed, Plaintiff acknowledges that he was contemporaneously aware of each IMR, disciplinary hearing, or administrative approval that allegedly constituted a violation of his rights. (*See* Dkt. No. 1 at ¶¶ 87, 89, 93, 101, 192–98, 221–24, 226–28, 288). The doctrine of fraudulent concealment is therefore inapplicable.

After reviewing this issue *de novo*, the Court agrees with Magistrate Judge Dancks' determination that Plaintiff's (1) Fourteenth Amendment procedural due process claims against Brown; (2) First Amendment retaliation claim against Defendants Gibson, Volpe, Woodard, McCarthy, and Brown; (3) Fourteenth Amendment equal protection claim against Defendants Gibson, Volpe, Woodard, McCarthy, Brown, and McGaw; and (4) conspiracy claim against Defendants Gibson, Volpe, Woodard, McCarthy, Oleksiw, and Brown are barred by the statute of limitations.

    B. **Continuing Violation Doctrine**

Plaintiff objects to the R & R on the basis that it improperly applies "employment discrimination Title VII laws of a continuating [sic] violation doctrine to a prison setting" in determining that Plaintiff's Fourteenth Amendment equal protection claims are barred by the statute of limitations. (Dkt. No. 66 at 26–28).

"Under Title VII's continuing violation doctrine, 'if a plaintiff has experienced a continuous practice and policy of discrimination, . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it.'" *Washington v. County of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004) (quoting *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001)). "[T]he continuing-violation doctrine has been applied, both by the Second Circuit and by courts in other jurisdictions, to a variety of non-Title VII claims," including Eighth Amendment deliberate indifference and racial discrimination claims and claims brought under § 1983 in a prison context. *Remigio v. Kelly*, No. 04-cv-1877, 2005 WL 1950138, at *7, 2005 U.S. Dist. LEXIS 16789, at *22 (S.D.N.Y. Aug. 2, 2005); *see also Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (Eighth Amendment deliberate indifference claim); *Washington*, 373 F.3d at 317 (racial discrimination claim under § 1983). The Second Circuit has generally reasoned by analogy to Title VII cases when applying the continuing violation doctrine to circumstances other than employment discrimination cases. *See Washington*, 373 F.3d at 317 (conducting continuing violation analysis of § 1983 claim, but finding that doctrine did not toll the statute of limitations because claims accrued when defendant undertook discrete act of initiating disciplinary proceeding). Regardless of the context, however, "federal courts look unfavorably on continuing violation arguments, and have applied the theory only under 'compelling circumstances,' such as where the unlawful conduct takes place over a period of time, making it difficult to pinpoint the exact day the violation occurred." *Yip v. Bd. of Trs.*, No. 03-CV-00959C (SR), 2004 WL 2202594, at *4, 2004 U.S. Dist. LEXIS 28366, at *14 (W.D.N.Y. Sep. 29, 2004).

Here, Plaintiff has alleged discriminatory actions by Defendants Gibson, Volpe, Woodard, McCarthy, and Brown specifically in connection with the January 28, 2011 IMR and

7

subsequent disciplinary proceedings. (Dkt. No. 1-2 at 41). Similarly, Plaintiff alleges that Defendant McGaw discriminatorily filed an IMR against him at Upstate for refusing McGaw's direct order to remove the design shaved into Plaintiff's beard. (*Id.* at 111–12). Both allegations describe conduct that is "discrete in its nature" and "wholly separable" from other allegations of discrimination. *Washington*, 373 F.3d at 319. In other words, Plaintiff's allegations do not describe "a continuous or ongoing policy or practice" of discrimination necessary to demonstrate the kind of compelling circumstances that justify tolling of the statute of limitations by the continuing violation doctrine. *Id.* "That the continuing violation doctrine can apply . . . does not mean it must." *Shomo*, 579 F.3d at 182.

After reviewing this issue *de novo*, the Court concludes that Magistrate Judge Dancks properly considered the continuing violation doctrine and agrees with Magistrate Judge Dancks' determination that it does not render Plaintiff's claims timely and that Plaintiff's Fourteenth Amendment equal protection claims against Gibson, Volpe, Woodard, McCarthy, Brown, and McGaw should be dismissed.

**C. Collateral Estoppel**

Plaintiff seems to object to the R & R on the basis that it fails to consider that, because prior prison disciplinary proceedings determined that his beard was in compliance with Directive 4914, Defendants should be estopped from "making any motion in its defense or affirmative defense like the motion to dismiss 12(b)(6) as to the present motion on any litigation grounds for that matter." (Dkt. No. 66 at 34). Plaintiff's objections are meritless.

In order for a plaintiff to "bar a defendant from litigating an issue on collateral estoppel grounds: (1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a

8

full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits." *Faulkner v. Nat'l Geographic Enters.*, 409 F.3d 26, 37 (2d Cir. 2005). Assuming, *arguendo*, that the doctrine of collateral estoppel may apply to prison disciplinary proceedings,[4] none of the issues raised by Plaintiff's claims for First Amendment retaliation, Fourteenth Amendment due process violations, Fourteenth Amendment equal protection violations, and conspiracy to deprive Plaintiff of his constitutionally protected rights were addressed or determined in his prison disciplinary proceeding. The doctrine of collateral estoppel is therefore inapplicable.

### D. Intracorporate Conspiracy Doctrine

Plaintiff objects to the R & R's application of the "intracorporate conspiracy doctrine in a prison context" as it is "strictly a business . . . doctrine." (Dkt. No. 66 at 80). Plaintiff argues that the R & R "uses the intracorporate conspiracy doctrine to evade Plaintiff's claims against Defendants to favor them in the face of prior Northern District rejections of the doctrine in a prison setting." (*Id.*). The cases Plaintiff offers in support, however, acknowledge the appropriateness of applying the doctrine in a prison setting. *See, e.g.*, *Benitez v. Hamm*, No. 9:04-CV-1159 (NAM/GHL), 2009 WL 3486379, at *18–19, 2009 U.S. Dist. LEXIS 97495, at *68–71 (N.D.N.Y. Sept. 30, 2009) (Lowe, Mag. J.) ("I will assume that the [intracorporate conspiracy] doctrine applies in § 1983 cases."); *Orafan v. Goord*, 411 F. Supp. 2d 153, 164-65 (N.D.N.Y. 2006) (Magnuson, J.) ("The intracorporate conspiracy doctrine applies to individual defendants of a correctional institution."), *vacated and remanded on other grounds sub nom. Orafan v. Rashid*, 249 Fed. App'x 217 (2d Cir. 2007); *Medina v. Hunt*, No. 9:05-CV-1460

---

[4] *See Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995) (noting that "there is a substantial question as to whether, under New York Law, collateral estoppel should ever apply to fact issues determined in a prison disciplinary hearing and reviewed for substantial evidence in an Article 78 proceeding, given the 'procedural laxity' of such prison hearings and the limited nature of substantial-evidence review").

(DNH/GHL), 2008 WL 4426748, at *8, 2008 U.S. Dist. LEXIS 120759, at *54 (N.D.N.Y. Sep. 2, 2008) (Lowe, Mag. J.) (applying intracorporate conspiracy doctrine analysis to prison context). Further, in each of these cases, the defendants were alleged to have been "pursuing personal interests wholly separate and apart from the entity." *Orafan*, 411 F. Supp 2d at 165 (citation and internal quotation marks omitted). In such situations, the intracorporate conspiracy doctrine does not bar conspiracy claims, and defendants may be found liable for their conduct. *Id.*

Plaintiff has failed to allege any nonconclusory facts that raise a plausible claim that Defendants at either Auburn or Sullivan were pursuing interests that were wholly separate from DOCCS and their employment by DOCCS. Having reviewed this issue *de novo*, the Court agrees with Magistrate Judge Dancks' recommendation that Plaintiff's conspiracy claims should be dismissed under the intracorporate conspiracy doctrine, to the extent that the claims against Defendants Gibson, Volpe, Woodard, McCarthy, Oleksiw, and Brown are not already time-barred by the statute of limitations as discussed in Section III.A, *supra*. *See Hartline v. Gallo*, 546 F.3d 95, 99 n.3 (2d Cir. 2008) (affirming dismissal of § 1985 claim against police officers, police department, and the village under intracorporate conspiracy doctrine).

### E. Request for Certification of Interlocutory Appeal

Plaintiff objects to the R & R on the basis that it fails to consider his request to certify an order to the Second Circuit Court of Appeals so that he may obtain a decision relating to application of the continuing violation and intracorporate conspiracy doctrines to his case. (Dkt. No. 66 at 26, 79).

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal where "such order involves a controlling question of law as to where there is substantial

ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[L]eave to appeal from interlocutory orders should be granted only in exceptional circumstances [that] . . . overcome the general aversion to piecemeal litigation and justify departing from the basic policy of postponing appellate review until after the entry of final judgment." *Picard v. Estate of Madoff*, 464 B.R. 578, 582–83 (S.D.N.Y. 2011) (citation and internal quotation marks omitted). "Interlocutory appeals are strongly disfavored in federal practice. Movants cannot invoke the appellate process as a vehicle to provide early review of difficult rulings in hard cases. Only exceptional circumstances will justify a departure from the basic policy of avoiding appellate review until a final decision on the merits." *Glatt v. Fox Searchlight Pictures, Inc.*, No. 11 Civ. 6784 (WHP), 2013 WL 5405696, at *2, 2013 U.S. Dist. LEXIS 139594, at *3 (S.D.N.Y. Sept. 17, 2013) (quoting In re Ambac Fin. Grp., Inc. Sec. Litig., 693 F. Supp. 2d 241, 282 (S.D.N.Y.2010)).

Plaintiff fails to demonstrate any "controlling question of law as to where there is substantial ground for difference of opinion." There are no "exceptional circumstances" that warrant certification of an order for interlocutory appeal, and Plaintiff's request is accordingly denied.

### F. New Claim for First Amendment Retaliation

Plaintiff asserts that, because Magistrate Judge Dancks's took judicial notice in the R & R that Directive 4914 was amended to prohibit beard "[p]atterns, designs, or braids" on March 1, 2013 (Dkt. No. 61 at 4 n.4), he is entitled to assert a new claim that Defendants retaliated against him by "informing 'DOCS/Albany' about the beard designs" in violation of his

11

First Amendment rights. (Dkt. No. 66 at 58). This is not an objection to the R & R. In any event, Plaintiff's arguments are meritless.

To survive a motion to dismiss, "a plaintiff asserting First Amendment retaliation claims must advance non-conclusory allegations establishing: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.'" *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). "In order to establish a causal connection at the pleading stage, the 'allegations must be 'sufficient to support the inference that the speech played a substantial part in the adverse action.'" *Morey v. Somers Cent. Sch. Dist.*, 2007 U.S. Dist. LEXIS 20265, at *36 (S.D.N.Y. Mar. 21, 2007) (quoting *David v. Goord*, 320 F.3d 346, 354 (2d Cir. 2003)). In determining whether circumstantial facts indicate that a "causal connection exists between the plaintiff's protected activity and a prison official's actions, a number of factors may be considered, including: (i) the temporal proximity between the protected activity and the alleged retaliatory act; (ii) the inmate's prior good disciplinary record; (iii) vindication at a hearing on the matter; and (iv) statements by the defendant concerning his motivation." *Baskerville v. Blot*, 224 F. Supp. 2d 723, 732–33 (S.D.N.Y. 2002) (citing *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

Plaintiff alleges that Defendants at Sullivan, motivated by Plaintiff's grievances related to his refusal to shave designs out of his beard, "retaliated by informing 'DOCS/Albany' about the beard designs" and that their action resulted in the March 1, 2013 amendment to Directive 4914. (Dkt. No. 66 at 63). Grievances are protected conduct under the First Amendment. *See Gill v. Pidlypchak*, 389 F.3d 379, 384 (2d Cir. 2004) (finding that the plaintiff "has sufficiently

12

alleged . . . participation in protected activity: the use of the prison grievance system"). Plaintiff alleges that he suffered an adverse action when DOCCS amended Directive 4914 in March 2013. (Dkt. No. 66 at 64). Plaintiff asserts that there is a causal connection between his grievances and the amendment of Directive 4914, arguing: "How else would the dir. 4914 change/be 'amended' to include bar to beard designs if [Defendants] did not report it to Albany/DOCS?" (*Id.* at 64). Even assuming that this Directive could constitute an adverse action, the amendment of a DOCCS directive more than a year after the last protected conduct fails to allege a causal connection between the protected conduct and the Directive. Indeed, there are no allegations that allow a plausible inference that any particular Defendant actually urged the amendment of Directive 4914 following Plaintiff's grievances.

### III. Conclusion

Accordingly, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. No. 61) is **ADOPTED** in its entirety for the reasons stated therein; and it is further

**ORDERED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 46) pursuant to Rule 12(b)(6) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that the motion to dismiss is granted as to and that the following claims are **DISMISSED WITH PREJUDICE**: (1) Fourteenth Amendment procedural due process claims against Defendants Brown and Jordan; (2) First Amendment retaliation claim against Defendants Gibson, Volpe, Woodard, McCarthy, and Brown; (3) Fourteenth Amendment equal protection claim against Defendants Gibson, Volpe, Woodard, McCarthy, Brown, and McGaw; (4) conspiracy claim against Defendants Gibson, Volpe, Woodard, McCarthy, Oleksiw, and Brown

13

under §§ 1983, 1985(3), and 1986; and (5) conspiracy claim against Defendants Jordan, Mace, Daddezio, and Sipple brought under §§ 1983, 1985(3), and 1986; and it is further

**ORDERED** that the motion to dismiss is **DENIED** as to the Fourteenth Amendment due process vagueness claim against Defendant Leclaire;[5] and it is hereby

**ORDERED** that Defendants Brown, Gibson, Volpe, Woodard, McCarthy, McGaw, Oleksiw be **DISMISSED** from this action; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on the plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

**Date:** September 29, 2017
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[5] Plaintiff's equal protection claim against Defendants Jordan, Sipple, Daddezio, Mace, and Giglio remains.