# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

JOHN WILLIS RICHARD,

                              Plaintiff,          9:15-cv-00006 (BKS/TWD)

v.

LUCIEN J. LECLAIRE, et al.,

                              Defendants.

**Appearances:**

*Plaintiff, pro se:*
John Willis Richard
91-A-0169
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, NY 12788

*For Defendants:*
Letitia James
Attorney General of the State of New York
Ryan W. Hickey, Assistant Attorney General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff *pro se* John Willis Richard, an inmate in the custody of the Department of Corrections and Community Supervision ("DOCCS"), brought this action against Defendants on January 5, 2015, alleging that DOCCS officials violated his Fourteenth Amendment rights to equal protection and due process by refusing to allow Plaintiff to shave designs into his beard. (Dkt. No. 1). Following a lengthy discovery period, Defendants filed a motion for summary

judgment on September 7, 2018. (Dkt. No. 88). Plaintiff filed a response which appeared to include a motion to compel discovery. (Dkt. No. 90). This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks who, on May 6, 2019, issued an Order and Report-Recommendation, denying a motion to compel further discovery and recommending that Defendants' motion for summary judgment be granted on exhaustion grounds. (Dkt. No. 91, at 18).

Plaintiff has filed an objection to the Order and Report Recommendation. (Dkt. No. 94). Plaintiff objects to Magistrate Judge Dancks' decision to deny his motion to compel discovery,[1] as well as her recommendation to dismiss his claim on exhaustion grounds.[2] (*Id.*) For the reasons set forth below, the Report Recommendation is adopted in its entirety and the Order is affirmed.

## II.    PLAINTIFF'S APPEAL

### A.    Standard of Review

A magistrate judge may issue orders regarding nondispositive pretrial matters, and the district court reviews such orders under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see Kiobel v. Millson*, 592 F.3d 78, 88 (2d Cir. 2010). "An order is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed. An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) (citation and internal quotation marks omitted). "Under this highly deferential standard, magistrate judges are afforded broad discretion

---

[1] In consideration of Plaintiff's *pro se* status, the Court construes this objection as an appeal from Judge Dancks' Order. (*See* Dkt. No. 91).

[2] Plaintiff's objection papers also reargue the merits of his Fourteenth Amendment claims. (*See* Dkt. No. 94, at 30–41). Magistrate Judge Dancks did not reach these aspects of the case in her Report Recommendation. (*See* Dkt. No. 91, at 17). Because this Court adopts the Report Recommendation in its entirety and dismisses Plaintiff's claims on exhaustion grounds, the Court similarly declines to address Plaintiff's objections on the merits of his case.

in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (quoting *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)). The Court therefore reviews Magistrate Judge Dancks' Order for clear error or conclusions that are contrary to law.

**B.     Discussion**

Plaintiff contends that Defendants' summary judgment motion was premature. (Dkt. No. 94, at 3). According to Plaintiff, "[D]iscovery was not completed, by a long shot" because Defendants' "shenanigans" and "mailing tactics" prevented Plaintiff from receiving all of the discovery he had requested. (*Id.* at 9–10). Therefore, he objects to Magistrate Judge Dancks' decision to deny his motion to compel further discovery and, more specifically, to her "outright rejection" of Plaintiff's request for a video conference. (*Id.* at 12).

In her Order and Report-Recommendation, Magistrate Judge Dancks acknowledged the "diatribe [of] claimed inequities, insufficiencies, and improprieties relating to discovery" in Plaintiff's response to the summary judgment motion. (Dkt. No. 91, at 2 n.2). Plaintiff's objections presently before this Court read much the same way. (*See* Dkt. No. 94, at 1–16). Ultimately, these objections, though extensive, do not demonstrate any abuse of discretion on Magistrate Judge Dancks' part.

Plaintiff originally filed this lawsuit on January 5, 2015—more than four years ago. (Dkt. No. 1). Magistrate Judge Dancks managed a lengthy discovery period, which she extended twice at Plaintiff's request. (Dkt. Nos. 70, 76, 83). Following the close of discovery, Magistrate Judge Dancks further extended the deadline for filing dispositive motions at Defendants' request. (Dkt. No. 87). At that time, Magistrate Judge Dancks warned both parties that the deadline would not be extended again. (*Id.*) Moreover, in denying Plaintiff's motion to compel, Magistrate Judge

3

Dancks reasoned that "additional discovery would be of no benefit to Plaintiff" since the undisputed record evidence indicated that he had not exhausted his administrative remedies and could not proceed with his suit in the first place. (Dkt. No. 91, at 2 n.2).

In these circumstances, the decision to deny Plaintiff's motion to compel was well within Magistrate Judge Dancks' discretion. *See Gucci America, Inc. v. Exclusive Imports Int'l,* No. 99 cv 11490, 2002 WL 1870293, at *5, 2002 U.S. Dist. LEXIS 14837, at *17 (S.D.N.Y. Aug. 13, 2002) (finding that Magistrate Judge "properly exercised his discretion" by ending "an already extensive discovery period . . . ."); *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (upholding Magistrate Judge's denial of motion to compel where requested production "would not establish" a ground for relief); *Bellinger v. Astrue*, No. 06-cv-321, 2011 WL 13294967, at *3 (E.D.N.Y. Feb. 16, 2011) (upholding Magistrate Judge's denial of motion to compel where additional discovery may have been impossible or futile). Accordingly, the Order denying Plaintiff's motion to compel additional discovery is affirmed.

## III. PLAINTIFF'S OBJECTIONS TO THE REPORT RECOMMENDATION

### A. Standard of Review

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

### B. Discussion

Plaintiff acknowledges that he did not file any formal grievances through DOCCS' Inmate Grievance Program ("IGP") related to his claims. (Dkt. No. 94, at 24). Nevertheless, he objects to Magistrate Judge Dancks' finding that he failed to exhaust his administrative remedies,

asserting that he instead used an "alternative" and "original" complaint procedure to administratively exhaust his claims. (*Id.* at 19). Plaintiff claims that he submitted two letters to prison officials in January of 2012 regarding the designs in his beard, thereby exhausting his administrative remedies outside of the IGP. (*Id.* at 24).

As Magistrate Judge Dancks explained, in certain circumstances, "a court may find that internal administrative remedies are not available to prisoners" under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e. (Dkt. No. 91, at 12 (citing *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016)). Here, there is no evidence that suggests that the IGP was a "simple dead end," was "incapable of use," or that Plaintiff's efforts were thwarted by "machination, misrepresentation, or intimidation." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 123 (2d Cir. 2016) (quoting *Ross*, 136 S. Ct. at 1858). Plaintiff claims that he believed inmates working in the grievance office would assist prison administrators in finding "a way to get around the issue and do not file it or manipulate the wording" of the grievance, but, as Magistrate Judge Dancks explained, Plaintiff presented no evidence in support of his belief, which was based upon his experience in the earlier 1990s under a different grievance procedure. (Dkt. No. 88-5, at 23; Dkt. No. 91, at 16 ("Plaintiff's conclusory assertions regarding the futility of grievances, based upon a non-specific reference to unsatisfactory experiences in the 1990s under an earlier grievance procedure, in no way satisfies his burden of showing, or even raising a material issue of fact as to, the availability of the IGP under *Ross*.")). The Court concurs in that analysis. Thus, having reviewed this issue *de novo*, the Court agrees with Magistrate Judge Dancks' determination that Plaintiff failed to exhaust his administrative remedies.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Dancks' May 6, 2019, Order denying Plaintiff's motion to compel further discovery (Dkt. No. 91) is **AFFIRMED**, and that Plaintiff's appeal (Dkt. No. 94) is **DENIED**; and it is further

**ORDERED** that Magistrate Judge Dancks' May 6, 2019, Report Recommendation (Dkt. No. 91) is **ADOPTED** in all respects; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 88) is **GRANTED** on the ground that Plaintiff failed to exhaust administrative remedies and that Plaintiff's remaining claims are **DISMISSED with prejudice** in their entirety; and it is further

**ORDERED** that the that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules and close this case

**IT IS SO ORDERED.**

Dated: September 6, 2019
Syracuse, New York

_Brenda K. Sannes_
Brenda K. Sannes
U.S. District Judge